IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVIN ROLLINS,

Plaintiff,

v.

DR. CHARLES GRISDALE and
DOCTOR GARBELMAN,

Defendants.

ORDER

12-cv-543-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Davin Rollins, a prisoner at the Waupun Correctional Institution, has filed a proposed complaint and a motion for appointment of counsel. Plaintiff alleges that defendants, prison medical staff, will not send him to the Wisconsin Resource Center to get the treatment he needs for his mental illness. Usually, the next step would be to screen plaintiff's complaint, but it would be imprudent to do so in this case because it appears that plaintiff has failed to exhaust his administrative remedies. The complaint form plaintiff filled out contains a question asking whether the grievance process has been completed. Plaintiff answers, "Not yet but will be this week."

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548

U.S. 81, 85 (2006), and "applies to all inmate suits," Porter v. Nussle, 534 U.S. 516, 524 (2002). Prisoners must exhaust administrative remedies *before* filing a civil suit and may not complete the grievance process while litigation in federal court is pending. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). Therefore I will dismiss this case without prejudice. Plaintiff's pending motion for appointment of counsel will be denied as moot. Plaintiff remains responsible for paying the $350 filing fee in this case.

Usually, I would instruct plaintiff that he could refile his complaint as soon as he exhausted his administrative remedies. However, in this case, it appears from plaintiff's statement in his complaint that he would have fully exhausted the administrative process by now. Therefore, I will give plaintiff a chance to inform the court whether he would like to reopen his complaint under a new case number. Plaintiff should keep in mind that if he wishes to have the court consider the complaint under a new case number, he will owe the $350 filing fee for that case as well as the $350 fee for this dismissed case.

## ORDER

IT IS ORDERED that

1. This case is DISMISSED without prejudice for plaintiff Davin Rollins's failure to exhaust his available administrative remedies before filing the lawsuit.

2. Plaintiff's motion for appointment of counsel, dkt. #3, is DENIED as moot.

3. Plaintiff may have until December 12, 2012 to inform the court whether he wishes

to reopen his complaint under a new case number.

Entered this 29th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge